**Entered on Docket
June 09, 2017
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

The following constitutes
the order of the court. Signed June 9, 2017

*M. Elaine Hammond*

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Cresta Technology Corporation,<br><br><br><br>Debtor.<br><br>Doris A. Kaelin as Chapter 7 Trustee,<br><br>Plaintiff.<br><br>v.<br><br>Matthew Lewis,<br><br>Defendant. | Case No. 16-50808 MEH<br><br>Chapter 7<br><br><br><br><br><br>Adv. No. 17-05030<br><br><br><br><br><br><br><br>Date:      June 6, 2017<br>Time:     11: 00 a.m.<br>Ctrm:     3020 (San Jose) |

## MEMORANDUM DECISION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

The court held a hearing on the motion for summary judgment brought by Doris Kaelin, as Chapter 7 Trustee ("Plaintiff") seeking a determination that a check for $10,000 provided by Debtor, Cresta Technology Corporation, to Matthew Lewis ("Defendant") on the same date that Debtor's chapter 7 petition was filed is an avoidable post-petition transfer pursuant to 11 U.S.C.

1

§ 549(a).[1] (Dkt. #5). Gregg Kleiner appeared for the Plaintiff and Defendant represented himself at the hearing.

**Applicable Standard**

Federal Rule of Civil Procedure ("FRCP") 56, made applicable through Federal Rule of Bankruptcy Procedure ("FRBP") 7056, states that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A fact is material if it might affect the outcome of a proceeding under the governing substantive law. In a motion for summary judgment, the moving party bears the initial burden of persuasion in demonstrating that no issues of material fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). A genuine issue of material fact exists when the trier of fact could reasonably find for the non-moving party. *Id*. at 248. The court may consider pleadings, depositions, answers to interrogatories and any affidavits. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In determining whether the movant has met its burden, the court should consider all reasonable inferences in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**Analysis**

11 U.S.C. § 549(a) provides for avoidance of (1) a transfer that occurred after the commencement of the case, and (2) that is not authorized by the bankruptcy code or an order of the court.

The operative facts here are not in dispute. Debtor issued Defendant a check on the same date that it filed for bankruptcy protection, March 18, 2016. Defendant received this check prior to the bankruptcy filing, but the funds did not clear Debtor's bank account until

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037 (referred to herein as the "Bankruptcy Code").

March 22, 2016, four days after the petition was filed.[2] Plaintiff asserts that the transfer date is the date that the funds were honored by Debtor's bank. In contrast, Defendant asserts that the transfer occurred when he received the check, making it a prepetition transfer that is protected from avoidance by defenses provided in § 547(c), including the (1) contemporaneous exchange, (2) ordinary course of business, or (4) new value defenses. The initial question therefore is whether the transfer occurred prior to or after the petition date.

The Supreme Court concluded in the context of a § 547 action to avoid a prepetition transfer that a transfer by a standard, non-certified check is deemed to occur on the date the check is honored by the bank. *Barnhill v. Johnson*, 503 U.S. 393, 395 (1992). The court noted in *Barnhill* that "receipt of a check gives the recipient no right in the funds held by the bank on the drawer's account" because a myriad of events may intervene to prevent the check from being honored. So, until the funds are debited from the debtor's account, the transfer itself has not actually occurred. *Id.* at 399.

The analysis applied by the Supreme Court in *Barnhill* has been recognized to apply in avoidance actions pursuant to § 549. In *Spear v. CEMA Distribution (In re Rainbow Music, Inc.)*, 154 B.R. 559 (Bankr. N.D. Cal. 1993), the court addressed this issue on near identical facts. In *Rainbow Music*, a check was sent on behalf of the debtor to a creditor four days before an involuntary bankruptcy case was filed, the check was honored by the bank 12 days after the petition date. The court found that following *Barnhill*, this honor rule must also apply for purposes of § 549. *Id.* at 561. The court noted that "to hold otherwise would create an anomaly" whereby a check delivered prepetition and honored postpetition could not be avoided as a preference or a postpetition transfer, whereas transfers occurring either pre- or post-petition may be. *Id.* This result would not be consistent with the Bankruptcy Code, legislative history, or the equitable distribution policy underlying §§ 547 and 549. Citing *Rainbow Music*, the Ninth Circuit subsequently recognized that the term "transfer" in § 547(b) is analogous to

---

[2] Defendant notes that at various points in Plaintiff's memorandum of points and authorities and counsel's supporting declaration, it references an honor date of March 21 instead of March 22, 2016. The correct date is determined by reference to the bank statement attached as Exhibit C to counsel's declaration (Dkt. # 5-2).

3

§ 549(a), so "case law analyzing one is applicable to analysis under the other." *Mora v. Vasquez (In re Mora)*, 199 F.3d 1024, 1027 n. 5 (9th Cir. 1999)

In accordance with *Barnhill* and *Rainbow Music*, I find that the transfer to Defendant occurred on March 22, 2016, the date the check was honored by Debtor's bank. Thus, the Debtor transferred $10,000 to Defendant after the commencement of the case. Neither party has identified any statute or court order authorizing the postpetition transfer, nor am I aware of any. Thus, the requirements for avoidance of a postpetition transfer pursuant to § 549(a) are satisfied and the transfer is avoided and preserved for recovery by the estate.

Further, in accordance with § 502(d), any claim by Defendant against Debtor's estate shall be disallowed until Defendant pays the transferred amount to Debtor's estate.

An order consistent with this memorandum decision is entered contemporaneously herewith.

**END OF MEMORANDUM DECISION**

# COURT SERVICE LIST

**Matthew Lewis**
125 Regent Drive
Los Gatos, CA 95032

**Via ECF:**

All ECF Recipients